# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2025

Lyle W. Cayce
Clerk

No. 24-20361

JANE DOE, *on behalf of* M.F.,

*Plaintiff—Appellant*,

*versus*

SYLVIA TREVINO, *Harris County Precinct Six Constable*; BRANDIN GLISPY,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1297

Before HAYNES, HO, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Jane Doe alleges that Constable Sylvia Trevino failed to supervise a deputy constable in her precinct, leading to Doe's sexual assault. The district court found that Doe was unable to support her arguments with admissible evidence and granted summary judgment for Trevino. We affirm.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20361

## I.

Constable Deputy Brandin Glispy sexually assaulted Jane Doe during a routine traffic stop. Doe reported the assault to law enforcement the same night it occurred. Glispy was suspended immediately and fired from the precinct three days later.

In this civil rights action, Doe seeks damages from Constable Sylvia Trevino for her supervision of Glispy. Specifically, Doe alleges that Glispy assaulted another woman four months earlier and that Trevino failed to supervise Glispy after learning of this allegation, thereby enabling him to assault Doe.

Trevino moved for summary judgment, asserting qualified immunity. She argued that no constitutional violation occurred because she was unaware of Glispy's previous alleged sexual misconduct until after his assault on Doe.

In response, Doe argued that Trevino knew of the allegations before Glispy assaulted Doe. To support her arguments opposing summary judgment, Doe offered eight summary judgment exhibits.

Trevino replied. And in a separate filing, she raised objections to Doe's summary judgment evidence. Specifically, Trevino objected to exhibits 1, 2, 4, 5, 8, and the deposition testimony presented as exhibits 6 and 7.

Doe never responded to Trevino's objections, rebutted any argument presented in them, or otherwise acted in court regarding the objections.

The district court sustained Trevino's objections and granted summary judgment for Trevino. Doe appealed.

No. 24-20361

## II.

Doe raises four issues on appeal, but she only meaningfully briefs two—whether sustaining Trevino's objections to her summary judgment evidence was an abuse of discretion and whether Trevino was entitled to summary judgment on her supervisory liability claims.[1]

## A.

We review a district court's decision to strike summary judgment evidence for abuse of discretion. *Richardson v. Oldham*, 12 F.3d 1373, 1376 (5th Cir. 1994). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012).

Here, the district court sustained Trevino's objections "for the reasons stated in her brief and due to Doe's failure to respond and oppose." Doe has not carried her burden on appeal of showing this decision was an error of law or fact.

To start, Doe's opening brief makes no argument that sustaining the objections for the reasons stated in Trevino's brief was erroneous. So these arguments are forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Her primary argument is that the court improperly sustained Trevino's objections due to Doe's lack of opposition (and without giving notice that failure to respond would result in sustained objections). Doe cites only one out-of-circuit case—*Sandoval v. County of San Diego*—for the

_____

[1] The fourth issue in Doe's brief states that the district court abused its discretion by denying her motions for reconsideration. But she offers no argument in her opening brief as to how these decisions were erroneous, so this issue is forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

3

proposition that a district court abuses its discretion by "summarily sustaining the defendants' meritless—indeed frivolous—evidentiary objections" when a plaintiff does not respond. 985 F.3d 657, 667 (9th Cir. 2021).

But *Sandoval* is distinguishable. Trevino's objections are thorough and detailed—citing Federal Rules of Civil Procedure, Federal Rules of Evidence, and circuit precedent. They are far from the "boilerplate one-word objections" that were sustained in error in *Sandoval*. 985 F.3d at 665. And Doe hasn't identified any other reason why Trevino's objections might have been "meritless" or "frivolous." *Id.* We therefore see no abuse of discretion.

Doe also claims that she was denied due process because she was not informed that a failure to rebut the objections would lead to their acceptance. But she cites only Southern District of Texas Local Rule 7.4—which states that "failure to respond to a motion will be taken as a representation of no opposition" and offers instruction on responding and replying to motions—to support that claim. And there's no indication that the district court relied on that rule. Doe allowed more than eight months to pass after Trevino filed her objections—never once attempting to respond or seek clarification from the court about responding. On that score, we decline to find reversible error.

Lastly, Doe argues that Trevino never objected to exhibits 6 and 7 and that this evidence is thus part of the competent summary judgment record.

But she is mistaken. Trevino objected that "[t]he unofficial transcripts of the Depositions contained in Exhibits 6 and 7 are inadmissible under Fed. R. Evid. 802." And the court sustained all of Trevino's objections. So these exhibits are likewise excluded.

All told, Doe failed to show that the court abused its discretion by sustaining Trevino's objections to Doe's summary judgment evidence. Exhibits 1, 2, 4, 5, 6, 7, and 8 remain excluded.

**B.**

We review a district court's decision to grant summary judgment de novo. *Richardson*, 12 F.3d at 1376. A court should grant summary judgment where there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

Typically, the moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 543 (5th Cir. 2015). But "where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (cleaned up). Here, Trevino properly raised qualified immunity, which shifts the burden of proof at trial to Doe to demonstrate the defense does not apply. *See Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021).

More specifically, Doe must show that there is a material dispute of fact as to whether Trevino's conduct violated her clearly established constitutional rights. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

She hasn't done so. Doe argues that Trevino violated her constitutional rights by failing to discipline or supervise Glispy after learning of his prior sexual assault allegation. But as the district court observed, "this argument depends entirely on whether Trevino learned of the sexual assault that Glispy allegedly committed [prior to Doe] before she learned of the assault he committed against Doe."

Trevino testified that she was unaware of any sexual assault prior to Doe. Doe never then proffered any admissible evidence that contradicts this testimony.

Now on appeal, Doe makes no argument that her remaining, admissible evidence creates a genuine dispute of fact. She again relies exclusively on excluded evidence. So Doe failed to carry her burden of "demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice Designs*, 783 F.3d at 543.[2]

We affirm.

———————————————

[2] Doe argues that she is entitled to punitive damages against Trevino. Because we affirm the grant of summary judgment, we need not address this argument.